# IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

| | | |
|---|---|---|
| ERICA MURPHY and EDWIN SANCHEZ as Guardians ad Litem of J.S., a Minor, ALFRED EVANS, and KAIMYHRE IBN-BRITT-JACKSON, | ) ) ) ) ) | C.A. No. N25C-07-163-CEB |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DELAWARE STATE POLICE OFFICER CORPORAL DEMPSEY R. WALTERS, NEWPORT POLICE OFFICER THOMAS D. KASHNER, DELAWARE STATE POLICE OFFICER CORPRAL EARL MARCHIONE, DELAWARE STATE POLICE DETECTIVE DAVID ARMSTRONG, JANE DOE9S0, JOHN DOE9S0, DELAWARE STATE POLICE DEPARTMENT, NEWPORT POLICE DEPARTMENT, and ELSMERE POLICE DEPARTMENT, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING APPLICATION FOR CERTIFICATION OF INTERLOCUTURY APPEAL

1. The Court has previously issued a ruling in this matter dismissing claims against fictitious, unnamed police officers employed by the police departments of Elsmere, Newport, New Castle County and the Delaware State Police.[1] This was predicated on long standing precedent that eschews the use of fictitious name practice in Delaware.

2. As part of Plaintiffs' pleading in opposition to the motion to dismiss the fictitious names of these unnamed police officers, Plaintiffs raised the Law Enforcement Officers Bill of Rights ("LEOBOR"). The relationship of LEOBOR to Plaintiffs' complaint using fictitious names for unknown police officers was not clear. Plaintiffs complained about LEOBOR but never identified what about LEOBOR was keeping Plaintiffs from learning the identity of these unknown officers. Plaintiffs never claimed that they attempted to determine the names of these officers but were rebuffed by a government agency, the police department, or LEOBOR. In their application for interlocutory review, Plaintiffs write that "Because LEOBOR bars access to police records and investigative materials, Plaintiffs are prevented from obtaining the information necessary to identify the officers responsible for the alleged misconduct and to plead claims capable of surviving a motion to dismiss."[2]

---

[1] 2025 WL 3162346 (Del. Super. Nov. 12, 2025) (Butler, R.J.).
[2] Pls.' Appl. for Certification of Interlocutory Appeal, D.I. 58, at 8.

3.      It is difficult to see exactly how LEOBOR is the problem here. Plaintiffs have not alleged what they did to learn the identity of the unnamed officers that was barred by LEOBOR.  LEOBOR is found in the Delaware Code at 11 *Del. C.* §9200 et. seq.  Section 9209, "Application of Chapter" says that it applies to "all law-enforcement disciplinary proceedings throughout the State."

4.      But a civil rights claim by a Plaintiff is not a disciplinary proceeding against a law enforcement officer.  Internal disciplinary proceedings against an officer may be protected from disclosure under LEOBOR, but when a claim is made by a "citizen against a law-enforcement officer alleging that the officer breached the officer's official duties and that such breach resulted in injury or other damage to the citizen," disclosure may be authorized.[3]

5.      Or maybe not.  Plaintiffs filed no motion seeking disclosure over an objection under LEOBOR and the issue has not been put to the Court.  The Court is certainly not making a ruling on an issue not before it.  The point is only that Plaintiffs' bare claim of the unconstitutionality of LEOBOR is not sufficiently developed by a record or a demonstrable harm to require immediate appellate interpretation.

---

[3] 11 *Del. C.* §9200(d).

6.     Under Superior Court Rule of Civil Procedure 74, the Superior Court is directed to follow Supreme Court Rule of Appellate Procedure Rule 42 in deciding applications for interlocutory review.

7.     Supreme Court Rule 42(b)(i) states that only orders of the trial court that decide a "substantial issue of material importance" should be certified for interlocutory appeal.  It is unknown whether this is a substantial issue because we do not know whether LEOBOR kept Plaintiffs from learning the identity of the other officers or the availability of other options.  We also do not know if it is materially important because only the known officer – Dempsey Walters – is known to have directly assaulted Plaintiff JS.  What the other officers did is not described in the Complaint, so the "substantiality" of the importance of their identities is only a guess.

8.     Rule 42(b)(ii) says applications should be exceptional "because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."  So noted.

9.     Rule 42(b)(iii) contains eight factors that should be considered in deciding whether to grant and interlocutory appeal.  They follow here.

A. Does the order involve a question of law resolved for the first time in this state?  Answer: Perhaps it does, but it is not clear what question is being asked.  Plaintiff has not explained why LEOBOR is relevant to his claim.

B. Are there conflicting decisions in the trial court?  Answer: None that have been identified by the parties.

C. Does the question relate to a statute's constitutionality or construction that has not been, but should be, settled by a court before a final decision?  Answer: The question relates to the constitutionality of LEOBOR, but as a practical matter, the answer will not affect this dispute – the statute of limitations on the fictitious named defendants has run and whether they are identified now or not will not override the statute of limitations.

D. Is the jurisdiction of the court in controversy? Answer: No.

E. Did the trial court order set aside a prior ruling such that an interlocutory order may reduce further litigation or serve the interests of justice?  Answer: No.

F. Did the interlocutory order vacate or open a prior judgment? Answer: No.

G. Could review of the interlocutory order terminate the litigation? Answer: No.

H. Would review serve considerations of justice? Answer: No. There may be good reason to reconsider the bar against fictitious name practice in Delaware, and doing so may well further considerations of justice.  But LEOBOR is not the reason Delaware law bars fictitious name practice and whether LEOBOR is constitutional or not will not answer that question.

The reasons, if any, for granting Plaintiffs' request for Certification of Interlocutory Appeal being far outweighed by the reasons for denying it, Plaintiffs' Application is **DENIED.**

**IT IS SO ORDERED.**

/s/ Charles E. Butler

Dated: December 11, 2025                    Charles E. Butler, Resident Judge